IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. Case No.: SAG-20-306 |
| DWIGHT ANTONIO PITTS, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On November 19, 2021, Dwight Antonio Pitts pleaded guilty to two federal narcotics offenses pursuant to a plea agreement negotiated with the Government. ECF 123. On March 1, 2022, in accordance with the parties' agreed sentencing range, this Court sentenced Mr. Pitts to 180 months (or fifteen years) of incarceration for those offenses. ECF 143. Less than two years later, on November 17, 2023, Mr. Pitts filed the instant motion seeking compassionate release in the form of a time-served sentence or a significant sentence reduction. ECF 211. Full briefing ensued, to include the production of updated medical information at this Court's request. ECF 222, 224, 232, 237. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Mr. Pitts's motion will be DENIED.

**I.    LEGAL STANDARDS**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the court for a reduction in their sentence for "extraordinary and compelling

reasons." *Id.* Before a defendant's motion can be filed with the court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Once a motion for compassionate release is properly filed, the court determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *Id.*

## II.    ANALYSIS

The Government has not disputed that Mr. Pitts adequately exhausted his administrative remedies. Thus, this Court turns to whether he has established any extraordinary and compelling reason warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission ("Commission") to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). In response, the Commission has defined "extraordinary and compelling reasons" to exist where (1) the defendant is suffering from a terminal or serious medical condition; (2) the defendant is at least 65 years old, has failing health, and has served at least 10 years or 75 percent of his sentence, whichever is less; (3) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; (4) the defendant was a victim of physical or sexual abuse committed by an individual with custody or control over the defendant while he was incarcerated; (5) "other reasons" similar in gravity; or (6) the defendant has served at least 10 years of an "unusually long sentence" and a change in the law has produced

a "gross disparity" between the sentence being served and the sentence likely to be imposed when defendant files his motion. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023).

Seemingly relying on the "other reasons" provision, Mr. Pitts cites the COVID-19 pandemic and the increased risks in a prison setting as one reason justifying consideration of his release. Certainly, in the earlier stages of the pandemic, courts determined that COVID-19 could, in certain circumstances, give rise to an "extraordinary and compelling reason[]" for an inmate's release under the First Step Act. *E.g.*, *Wise v. United States*, Crim. No. ELH-18-72, 2020 WL 2614816, at *6–*8 (D. Md. May 22, 2020); *United States v. Gutman*, Crim. No. RDB-19-0069, 2020 WL 2467435, at *2 (D. Md. May 13, 2020). Particularly during that time, continued exposure to COVID-19 in a penal setting had potential to convert a medical condition that might not otherwise be deemed "serious" into a "serious medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* SENT'G GUIDELINES MANUAL § 1B1.13(b)(1)(B).

However, even in that earlier period, the fact that COVID-19 was present in a correctional facility was not alone sufficient to qualify an inmate for compassionate release under the First Step Act. *See United States v. Williams*, Crim. No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020) (Day, M.J.) ("The existence of the present pandemic, without more, is not tantamount to a 'get out of jail free' card."). Instead, to qualify for compassionate release, an inmate had to demonstrate that he (1) had a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) was more likely to contract COVID-19 in his particular institution than if released. *See, e.g.*, *Wise*, 2020 WL 2614816, at *6–*7

(discussing the danger that COVID-19 posed, and collecting cases finding that serious chronic medical conditions and old age qualify as compelling reasons for compassionate release); *United States v. Austin*, Case No. 15-20609, 2020 WL 2507622, at *4–*5 (E.D. Mich. May 15, 2020) (finding that even if the defendant's petition was timely, release would be improper, even though he was both immunocompromised and had heart disease, because there were no COVID-19 cases at his prison).

At this date, more than four years after the COVID-19 pandemic began, the combination of vaccines and available treatment options have resulted in significantly improved medical outcomes, despite earlier protective measures having been largely abandoned by society. The World Health Organization declared the global health emergency over nearly one year ago. *See WHO Director-General's Opening Remarks at the Media Briefing*, WORLD HEALTH ORG. (May 5, 2023), https://www.who.int/news-room/speeches/item/who-director-general-s-opening-remarks-at-the-media-briefing---5-may-2023. The Centers for Disease Control and Prevention have rescinded the guidance requiring persons who test positive for COVID-19 to isolate themselves for five days. *See Respiratory Virus Guidance Update FAQs*, CTRS. FOR DISEASE CONTROL & PREVENTION (Mar. 25, 2024), https://www.cdc.gov/respiratory-viruses/guidance/faq.html. While, certainly, any infectious disease is more likely to spread in an penal setting due to population density, at this point in time, this Court does not believe that COVID-19 contributes to an extraordinary and compelling reason to further consider compassionate release, absent unique circumstances. Mr. Pitts has been vaccinated and is at a BOP facility well-equipped to provide him medical care should he become infected.

The remaining question for this Court, then, is whether absent the COVID-19 factor, Mr. Pitts's arguments regarding the quality of medical care he is receiving in prison and his

rehabilitation individually or collectively amount to an extraordinary and compelling reason justifying further consideration of a sentencing reduction. This Court concludes that they do not.

With respect to his medical care, Mr. Pitts cites "undiagnosed neurological conditions" and a "botched knee surgery" as evidence of poor quality. ECF 211 at 9. This Court has carefully reviewed Mr. Pitts's medical records and is unpersuaded. Mr. Pitts has received extensive medical care, including visits to specialists to address his vertigo and a follow-up surgery to address his knee condition. While he may not be completely satisfied with the results of the medical care he is receiving, there is no evidence that he is receiving insufficient or poor-quality care. In addition, generally, his reports to his medical providers about his health conditions are not as dire as portrayed in his motion.

Finally, this Court considers Mr. Pitts's contention that he has been rehabilitated. Specifically, he cites to the programming he has availed himself of in prison, his lack of institutional infractions, and his selection to facilitate the Victim Impact program at FMC-Devens. *See id.* at 13. This Court recognizes these meaningful accomplishments, along with the strong family support Mr. Pitts has in the community. In this Court's view, however, far too little time has elapsed between Mr. Pitts's entry into the BOP in 2022 and the present date for this Court to draw any meaningful conclusions about his rehabilitation. Clearly, Mr. Pitts is on the right path, and there may come a time after some number of years when his good track record convinces this Court that he is a changed person. At present, however, his efforts constitute reason for optimism, but do not yet contribute to an extraordinary and compelling reason leading this Court to further consider compassionate release or a sentence reduction.

This Court further notes that, even if it had found an extraordinary and compelling reason to consider the 18 U.S.C. § 3553(a) factors, at present, it would not weigh those factors in favor of

reducing Mr. Pitts's sentence. This Court carefully considered Mr. Pitts's medical circumstances in 2022 when arriving at the 180-month sentence. *See* ECF 222-1 at 21, 24. While his health has changed to some extent, and as noted above, he appears to be on a good rehabilitative path, the balance of the § 3553(a) factors would presently remain the same. He committed an extraordinarily serious offense (including distribution of enough fentanyl to kill millions of people and possession of several semiautomatic assault weapons) after already serving a significant sentence for a prior, less serious federal drug offense. A sentencing reduction at this early stage would eliminate any deterrent benefit of this Court's sentence and would undermine public confidence in the sentencing process.

For the reasons stated above, Mr. Pitts's motion, ECF 211, will be denied by separate order.

/s/
Stephanie A. Gallagher
United States District Judge